THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DAVID C. SHRADER,
SHARON C. SHRADER, and
COREY D. SHRADER

    Plaintiffs,

v.                                                                 Civil Action No.   3:06-cv-62
                                                                      (Judge Bailey)

STURLEY INVESTMENTS, INC.,
d/b/a ROCKHOUSE TRANSPORT, and
SCOTT A. POMRANING,

    Defendants.

## ORDER GRANTING MOTION IN LIMINE

This matter is now before the Court for consideration of the Motion in Limine to Exclude Evidence of Alleged Violation of 17C-15-49 [Doc. No. 52] filed by the plaintiff, David C. Shrader. In response to an Interrogatory from the plaintiff, the defendant responded, in part, "this Defendant asserts that David Shrader and Corey Shrader violated West Virginia Code §17C-15-49 by allowing Corey Shrader to ride, unrestrained, in the pop-up camper involved in the accident." The plaintiff seeks to prohibit any mention or reference to an alleged violation of W. Va. Code § 17C-15-49 during the trial of this matter pursuant to part (d) of that Code section which states:

> (d) A violation of this section is not admissible as evidence of negligence or contributory negligence or comparative negligence in any civil action or proceeding for damages, and shall not be admissible in mitigation of damages: Provided, That the court may, upon motion of the defendant, conduct an in camera hearing to determine whether an injured party's failure to wear a safety belt was a proximate cause of the injuries complained of. Upon such a finding by the court, the court may then, in a jury trial, by special interrogatory to the jury, determine (1) that the injured party failed to wear a

safety belt and (2) that the failure to wear the safety belt constituted a failure to mitigate damages. The trier of fact may reduce the injured party's recovery for medical damages by an amount not to exceed five percent thereof. In the event the plaintiff stipulates to the reduction of five percent of medical damages, the court shall make the calculations and the issue of mitigation of damages for failure to wear a safety belt shall not be presented to the jury. In all cases, the actual computation of the dollar amount reduction shall be determined by the court.

To date, the defendant has filed no such motion for the Court to conduct an in camera hearing to determine whether failure to wear a safety belt was a proximate cause of the injuries. Accordingly, the Court finds good cause to **GRANT** the Motion. The Code section states that violation of § 17C-15-49 is not admissible as evidence of negligence or contributory negligence or as mitigation of damages in a civil action, absent a Court's finding of proximate cause. Accordingly, the Motion in Limine to Exclude Evidence of Alleged Violation of 17C-15-49 [Doc. No. 52] is hereby **GRANTED**. The parties shall not reference any alleged violation of the Code section during the trial.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** January 25, 2008.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE

2